# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Michael L. McDonald,

    Petitioner

vs.

Michelle Freeman, et al.,

    Respondents

Case No. 2:17-cv-01320-JAD-NJK

**Order Dismissing Petition**

    Michael L. McDonald, a prisoner at the City of Las Vegas Detention Center, filed an application to proceed *in forma pauperis* and a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Because McDonald paid the $5 filing fee,[2] I deny his IFP application as moot. I then dismiss McDonald's habeas petition without prejudice.

## Discussion

    McDonald's habeas petition is subject to summary dismissal. McDonald alleges in his petition that he is a pretrial detainee facing charges "alleging violation of an extended TRO against domestic violence."[3] He has not been convicted. McDonald claims that his federal constitutional rights are being violated, asserting that he is receiving ineffective assistance of his appointed counsel, he is being subjected to a double-jeopardy violation, he will face cruel and unusual punishment if convicted, and his right to equal protection under the law is being violated as a result of the alleged ineffective assistance of his counsel.[4] As relief, he seeks dismissal of

---

[1] All contained at ECF No. 1.

[2] ECF No. 3.

[3] *See* Petition at ECF No. 1-1, p. 3.

[4] *See id.* at 7–9.

the charges against him, release from custody, and damages.[5]

This court has authority to entertain a petition for a writ of habeas corpus by a person in custody but not yet convicted or sentenced.[6] But because such detainees are not in custody "pursuant to the judgment of a state court," their right to petition arises from 28 U.S.C. § 2241(c)(3).[7] Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that the court abstain until all state criminal proceedings are completed and the petitioner has exhausted available state judicial remedies, unless there are special circumstances warranting federal intervention prior to the state criminal trial.[8]

Here, McDonald alleges no special circumstances warranting this court's intervention in his ongoing state criminal proceedings. Each of his claims is amenable to judicial review through available state procedures. Accordingly, this court will abstain from addressing McDonald's petition.

Additionally, to the extent that McDonald attempts to plead a claim for damages based on the alleged violations that form the basis of his request for habeas relief, no such claim is available to him at this time. Under the Supreme Court's decision in *Heck v. Humphrey,* a prisoner cannot use §1983 to obtain damages or other relief where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.[9] In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which § 1983 damages are sought, the §1983 action must be

---

[5] *See id.* at 9.

[6] *See McNeely v. Blanas*, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

[7] *See id.* at 824 n. 1.

[8] *See Carden v. Montana*, 626 F.2d 82, 83-84 and n. 1 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980).

[9] *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

dismissed."[10] McDonald thus cannot seek damages for alleged violations of his rights related to his criminal case at this time because they are presently barred under *Heck*.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED** as moot.

IT IS FURTHER ORDERED that **this action is DISMISSED without prejudice** to petitioner's ability to file a new petition at an appropriate time in the future when his state criminal proceedings have concluded and his state remedies have been exhausted.

IT IS FURTHER ORDERED that **petitioner is denied a certificate of appealability**.

The Clerk of the Court is directed to **CLOSE THIS CASE.**

DATED: May 31, 2017

Jennifer A. Dorsey
United States District Judge

---

[10] *Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).